UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | Case No. 23-10808-JGR |
| ) | |
| NORTH SHORE ASSOCIATES, LLP ) | |
| EIN:84-07066736 ) | |
| ) | Chapter 11 |
| Debtor. ) | |

**STATUS REPORT**

The Debtor, North Shore Associates, LLP ("NSA" oR "Debtor"), by and through its attorneys, Kutner Brinen Dickey Riley, P.C., states its Status Report as follows:

1. The Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 6, 2023.

2. The Debtor own improved real property located in Loveland, Colorado comprised of a nursing home facility operated by a related entity, North Shore Manor, Inc. ("NSM").

3. Pre-petition, until approximately November 2022, J. Robert Wilson was the appointed as the manager for NSA, and also owned and operated Columbine Health Management Systems ("Columbine") that managed NSM's nursing home operations.

4. In 2022, NSM began to suffer financial difficulties and as a result, stopped paying rent to NSA.  The

5. The transition in operations has impaired NSM's cash flow, and additional funding is necessary to ensure that NSM has sufficient funds for its ongoing operations and to pay its expenses, including rental payments to NSA.  NSM's operations were further impaired due to conflicts between the equity interest holders in NSM and Columbine, resulting in a notice from Columbine that it intended to terminate its management services.

6. As NSM and NSA share common equity interest holders, the conflict between Columbine and NSM further resulted in the partners of NSA terminating Mr. Wilson's management of NSA in November 2022.

7. As the Debtor was transitioning from Mr. Wilson's management, it determined that the pre-petition loan from the Bank of Oklahoma was maturing on March 7, 2023.  The Debtor attempted on multiple occasions to contact the Bank of Oklahoma to seek an extension on the

maturity date of the loan. However, the Debtor was unable to make contact with anyone at Bank of Oklahoma and, fearing that a receiver would be appointed shortly following a default on March 7, 2023 and knowing that the appointment of a receiver for NSA would jeopardize NSM's operations, the Debtor filed its voluntary petition for relief to restructure the debt and continue to maintain the real property.

8. Post-petition the Debtor learned that Mr. Wilson, who is also a 15% partner in NSA, formed a new entity and acquired the Bank of Oklahoma debt without advising any of the other partners of NSA.

9. The Debtor has full insurance coverage that is maintained through NSM as a condition of NSM's lease with NSA. The Debtor anticipates that it may have a pre-petition liability for property taxes that are assessed one year in arrears.

10. The primary issue to be resolved in the case is the Motion to Dismiss filed by Mr. Wilson, in his individual capacity, and Wapello Holdings, LLC, Mr. Wilson's company through which he purchased the Bank of Oklahoma debt. Mr. Wilson assert that the Debtor lacked authority to file the bankruptcy case. The Debtor disputes the assertion, as the 1974 Partnership Agreement does not limit voting rights for any partners upon inheritance, and voting members of NSA voted to remove Mr. Wilson as manager in November 2022, and further supported and consented to the bankruptcy filing ahead of March 6, 2023.

11. As the Debtor is property holding company, the Debtor has minimal expenses ahead of confirmation of the Plan. The Debtor has retained bankruptcy counsel, who's fees are anticipated to be approximately $30,000 assuming moderate litigation over the Motion to Dismiss and issues related to confirmation of a Plan. Counsel's fees will increase if there is substantial litigation. The Debtor has also retained the Eisner Advisory Group, LLC to act as its accountant in the case, and anticipates that fees for the accountant will be approximately $20,000 through confirmation. The Debtor may also retain an appraiser to complete a current valuation of its real property.

12. The Debtor has filed amended Schedules and Statement of Financial Affairs. Certain additional amendments may be required as the Debtor completes its review of the financial records previously maintained by Mr. Wilson. The Debtor will file a motion to set a bar date on May 12, 2023.

13.      The Debtor is currently evaluating pre-petition transactions to determine whether there are avoidance actions arising under either 11 U.S.C. § 547 or 548. From the Debtor's initial evaluation, it appears that certain claims arising under section 548 may exist, but further evaluation is necessary before such claims are brought.

14.      The Debtor does not believe there are other avoidance actions necessary to the administration of the estate, but will make that determination ahead of any applicable statutes of limitations following its complete evaluation of the pre-petition financial records of the Debtor.

Dated: May 12, 2023                        Respectfully submitted,

By:   */s/ Keri L. Riley*
       Keri L. Riley #47605
       **KUTNER BRINEN DICKEY RILEY, P.C.**
       1660 Lincoln Street, Suite 1720
       Denver, CO 80264
       Telephone: (303) 832-2400
       E-Mail: klr@kutnerlaw.com

CERTIFICATE OF SERVICE

I certify that on May 12, 2023, I served a complete copy of the foregoing **STATUS REPORT** on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

R. Samuel Boughner, Esq.
US Trustee's Office
1961 Stout Street
Suite 12-200
Denver, CO 80294

Joli Lofstedt, Esq.
P.O. Box 270561
Louisville, CO 80027

John O'Brien, Esq.
Scott C. Sandberg, Esq.
Spencer Fane LLP
1700 Lincoln Street
Suite 2000
Denver, CO 80203

Zachary Fairlie, Esq.
Spencer Fane LLP
1000 Walnut
Suite 1400
Kansas City, MO 64106

Leah McMahon
State Long-Term Care Ombudsman
Colorado State Long-Term Care
 Ombudsman Program
c/o Disability Law Colorado
455 Sherman Street
Suite 130
Denver, CO 80203

Wadsworth Garber Warner Conrardy, P.C.
2580 West Main Street
Suite 200
Littleton, CO 80120

/s/Vicky Martina
**Vicky Martina**