# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

Bankruptcy Judge Joseph G. Rosania, Jr.

| | |
|---|---|
| In re:<br><br>NORTH SHORE ASSOCIATES, LLP,<br>SSN/EIN: 84-0706673<br><br>    Debtor. | Case No. 23-10808-JGR<br>Chapter 11 |

## ORDER GRANTING MOTION AND SETTING HEARING

THIS MATTER is before the Court on the Motion to Reschedule Hearing filed by Debtor (Doc. 121; "Motion") on May 16, 2023. Upon review of the Motion, and being duly advised in the premises, the Court hereby ORDERS as follows:

The Motion is GRANTED. The Court will convene an evidentiary hearing on **Friday, May 19, 2023, at 8:30 AM by Zoom videoconference** regarding Debtor and North Shore Manor, Inc.'s Joint Motion for Approval of Lending and Security Agreement and for Authority to Incur Debt on an Administrative and Secured Basis (Doc. 95) and the Objection thereto (Doc. 120) filed by Centre Pharmacy, Inc.; Columbine Distribution Center, LLC.; Columbine Health Systems, Inc.; Columbine Management Services, Inc.; Columbine Medical Equipment, Inc.; Poudre Infusion Therapy, LLC; Wapello Holdings II, LLC; Wapello Holdings LLC; and J. Robert Wilson. **Counsel and/or parties shall not appear in person.**

> **To Join the ZoomGov Hearing:**
>
> **https://www.zoomgov.com/j/1613245580**
>
> **Meeting ID: 161 324 5580**
> One tap mobile
> +16692545252,,1613245580# US (San Jose)
> +14154494000,,1613245580# US (US Spanish Line)
>
> Dial by your location
>     +1 669 254 5252 US (San Jose)
>     +1 415 449 4000 US (US Spanish Line)
>     +1 669 216 1590 US (San Jose)
>     +1 646 828 7666 US (New York)
>     +1 646 964 1167 US (US Spanish Line)
>     +1 551 285 1373 US
>     833 435 1820 US Toll-free

> 833 568 8864 US Toll-free
> Meeting ID: 161 324 5580
> Find your local number:
> https://www.zoomgov.com/u/acsQhhI2T

1. **<u>Zoom Video Conferences:</u>**

    a. It is counsel's and/or the parties' responsibility to ensure that they and their witnesses have the proper equipment to attend the Zoom video conference and that they and their witnesses possess complete copies of all marked exhibits prior to the Zoom video conference. Participants should ensure that their equipment is connected to strong WIFI signal or internet connection during the trial.

    b. If counsel/parties intend to present exhibits and/or otherwise refer to written documents at the hearing, the parties shall utilize the "Share Screen" function in Zoom. Counsel/parties should make themselves familiar with this function prior to the hearing or trial.

    c. The Court encourages anyone who will be speaking during the hearing or trial to use a headset (headphones with mic) and not rely on an internal microphone built into a computer or webcam. Using a headset will ensure that you can be heard by other participants and in the Court's official recording.

    d. Parties should check into the Zoom video conference at least 15 minutes prior to the scheduled start time of the trial.

    e. Zoom displays a screen name for each participant in a video conference. Typically, Zoom will default to the name you gave at the time you initially set up your Zoom account (e.g. smithj or XYZCorp) or the phone number or device name from which you are calling. To enable the Judge to identify participants, each participant should ensure that their screen name is their full first name and last name (e.g. John Smith). You can change your screen name after being admitted to the video conference by using the rename function in Zoom. To rename, hover your cursor over your picture and either right click or click the blue button in the upper right corner of your picture and select "Rename" and then type your first name and last name into the box that appears. If you fail to identify yourself in this manner by the start of the trial, you may be removed from the video conference.

    f.    The Court will not provide any type of support on Zoom for participants or attendees. For assistance, please contact Zoom, your local IT support, or seek other online guidance.

**2.**   **Test Video Conference/Prehearing Training**: All parties scheduled to take part in the hearing or trial are required to test all equipment ahead of time. In advance of the video test, all parties should read the Court's guidelines for Zoom video conferences on its website at https://www.cob.uscourts.gov/zoom-video-conferences. Parties seeking to test equipment may take part in the Court's Zoom training sessions.

**3.**   **Exhibits:**

The parties shall comply with L.B.R 9070-1 as modified herein:

a.   The parties must exchange witness lists and <u>full sets</u> of intended exhibits, on or before **May 17, 2023**. Exhibits which have been attached to pleadings or provided as discovery responses are not considered to be exchanged for purposes of trial preparation.

b.   **A List of Witnesses and Exhibits substantially in the form of L.B.F. 9070-1.1, <u>and the Exhibits themselves</u>, shall be filed with the Court utilizing CM/ECF** on or before **May 17, 2023**.

c.   Exhibits must be marked for identification (Movant-numbers and Respondent-letters).

d.   Multi-page exhibits should be individually paginated.

e.   Expert witnesses must be specifically identified.

f.   For this hearing, the Court will <u>not</u> entertain pre-hearing written objections directed to the exhibits.

g.   **Participant copies of exhibits**, to the extent not already provided, counsel/parties shall ensure that each witness they intend to call and each party or its representative has an identical and complete copy of the exhibits to be presented at trial. It is counsels' and/or the parties' responsibility to ensure their witnesses possess complete copies of all marked exhibits for the Zoom video conference.

h.   Counsel/parties are encouraged to confer and, if possible, prepare a list of stipulated exhibits prior to the hearing for use by the Court and all parties.

**4.**   **Retention of Exhibits:** In accordance with L.B.R. 9070-1(e), upon the conclusion of the trial or hearing, the attorneys or parties must retain

       custody of their respective original exhibits and deposition transcripts until all need for the exhibits and deposition transcripts has terminated and the time for appeal has expired, or all appellate proceedings have been terminated, plus 60 days. In the event an appeal is filed, the attorneys or parties must provide their exhibits to the appellate court pursuant to the appellate court's direction.

**5.**    **Notification of Settlement:** To facilitate court preparation for this hearing or trial, any motion to continue the hearing or to vacate the hearing due to settlement shall be filed at least 24 hours prior to the scheduled hearing. Parties shall contact chambers staff by telephone at 720-904-7327 upon filing such a motion, and chambers staff will advise parties if the hearing is continued or vacated. Except in exigent circumstances not known 24 hours before the hearing, oral motions to continue will not be entertained. If the matter is settled and a written motion to vacate due to settlement cannot be timely submitted, counsel and parties appearing pro se may be required to appear by Zoom video conference at the scheduled hearing time to read the terms of any settlement into the record.

**6.**    **Court Appearances:** If a party does not join the video conference, it will be deemed a failure to appear. Failure to connect to the video conference in a timely manner may preclude participation in the hearing.

**7.**    **No Recordings:** Counsel and/or the parties are strictly prohibited from recording any court proceeding held by video or teleconference, including taking "screen shots" or other visual copies. Violation of this prohibition may result in sanctions as deemed necessary by the Court.

    IT IS FURTHER ORDERED that failure to comply with this Order and/or the procedures identified herein may result in denial of requested relief and/or imposition of appropriate sanctions.

    Dated this 16th day of May, 2023.

                                                BY THE COURT:

                                                Joseph G. Rosania, Jr.
                                                United States Bankruptcy Judge