UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: | ) |
| | ) |
| NORTH SHORE ASSOCIATES, LLP | ) Case No.  23-10808-JGR |
| | ) |
| Debtor. | ) Chapter 11 |
| | ) |

**ISSUE BRIEF REGARDING:  (1) ULTRA VIRES FILINGS; AND (2) IS THE PARTNERSHIP A REAL PARTY IN INTEREST TO PARTICIPATE IN A CONTRACT DISPUTE AMONG PARTNERS?**

J. Robert Wilson ("Bob Wilson") and Wapello Holdings LLC ("Wapello") by and through its attorneys, John O'Brien of Spencer Fane LLP for its Issue Brief Regarding: (1) Ultra Vires Filings; and (2)  Is The Partnership A Real Party In Interest To Participate In A Contract Dispute Among Partners? states as follows:

A.Legal Authority On Ultra Vires Filing

State law governs authority to file bankruptcy. <u>Price v. Gurney</u>, 324 U.S. 100, 106 (1945); <u>In re Yellow Cab Co-op. Ass'n</u>, 144 B.R. 505, 509 (D. Colo. 1992) ("cases decided under the Bankruptcy Code look to state law and instruments of incorporation to determine whether a petition is filed with the proper corporate authority.").

In <u>Yellow Cab</u>, "frustrated by the delay in seating a new board, former and current members of the Cooperative . . . decided to file a voluntary petition in bankruptcy on behalf of the cooperative." <u>Yellow Cab</u> at 507. The state court receiver and the Cooperative's largest creditor moved to dismiss the bankruptcy because the "power to file a petition resides with the Cooperative's board of directors." No authority was presented "for the proposition that a majority of the Cooperative's members could file the petition absent a resolution by the board of directors."

Id. The bankruptcy was dismissed, and post-dismissal proceedings led to an appeal. On appeal, Judge Kane determined that dismissal was proper. In doing so Judge Kane cited to Price.

In Price, the Supreme Court rejected stockholders' contention that they had the right to file a petition to protect their equity in the corporation which would be lost in foreclosure. The Supreme Court also determined that a bankruptcy filing could not be considered a derivative action, and concluded that state law determines whether a bankruptcy petition is filed by a person with authority to do so. Judge Kane concluded that "although Price v Gurney is a pre-Code case, it is still good law." Id at 509.

In our case, Section 2.1 of NSA's Partnership Agreement requires the partnership to act pursuant to Section 2.3's voting requirements. As in Yellow Cab, there was not a partnership meeting of all partners. In our case there was a secret meeting of some voting and non-voting equity holders. And Section 2.3 of NSA's partnership agreement requires a "3/4 majority" to authorize any "instrument affecting title to the Partnership's real property." The creation of a bankruptcy estate affects title to the partnership's real property, and the filing of a bankruptcy required Bob Wilson's vote because he holds 27% of the interests of voting partners. Bob Wilson was neither invited to nor aware of any partnership meeting to authorize the filing of a bankruptcy petition, and a petition could not be filed without his vote.

"If the District Court finds that those who purport to act on behalf of the corporation have not been granted authority by local law to institute the proceedings, it has no alternative but to dismiss the petition." Price, 324 U.S. at 106.

Bankruptcy law does not strip a minority equity holder of its voting rights to prevent a filing merely because it is also a creditor. In re Franchise Servs. of N. Am., Inc., 891 F.3d 198,

208–09 (5th Cir. 2018). Bob Wilson is entitled to exercise his 27% voting rights in NSA even though NSA also owes him $510,000 which he advanced to cover payroll.

"It is one thing to look past corporate governance documents and the structure of a corporation when a creditor has negotiated authority to veto a debtor's decision to file a bankruptcy petition; it is quite another to ignore those documents when the owners retain for themselves the decision whether to file bankruptcy." Id.; see also In re Squire Ct. Partners Ltd. P'ship, 574 B.R. 701, 708 (E.D. Ark. 2017); In re Glob. Ship Sys., LLC, 391 B.R. 193, 199, 203 (Bankr. S.D. Ga. 2007) (holding that owner of 20% equity stake and $18 million debt "wears two hats" and may exercise a right to prevent a voluntary bankruptcy petition).

"[T]here is no compelling federal law rationale for depriving a bona fide equity holder of its voting rights just because it is also a creditor of the corporation." Franchise Servs. of N. Am., Inc., 891 F.3d at 208–09.

And the Debtor's attorneys lacked authority to commence NSA's bankruptcy. Under Rule of Professional Conduct 1.13, a "lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents." Colo. RPC 1.13(a) (emphasis added). "Although the party seeking to rebut the presumption has the burden of proving that the attorney acted without authorization, the burden in this Circuit is not severe" and the "presumption of an attorney's authority is 'easily rebuttable.'" FDIC v. Oaklawn Apartments, 959 F.2d 170, 175 (10th Cir. 1992).

An attorney may represent an entity "only if the lawyer is convinced that differing interests are not present." Matter of King Resources, 20 B.R. 191, 204 (D. Colo. 1982). So when an attorney purports to take action on a company's behalf, the attorney has a "duty to make

independent inquiry into the [action] by the company prior to proceeding with the preparation of documents consummating that" action.  Id.

Applying other states' version of Rule 1.13, courts have held that "a lawyer may not be hired to represent a corporation by one of two factions in the organization against the other faction."  In re Salazar, 315 S.W.3d 279, 286 (Tex. App.--Fort Worth 2010).  So when the two factions have adverse interests, the "attorneys may represent the [] individuals but not the entities."  Id.

"Without proper manager approval," required by the plain terms of its governing agreement, a company "lacks the authority to retain counsel" in bankruptcy proceedings.  In re CorrLine Int'l, 516 B.R. 106, 137 (Bankr. S.D. Tex. 2014).  In CorrLine, some of a company's managers hired a law firm to oppose a voluntary bankruptcy petition, but did so "without proper manager consensus" required by the company's governing agreement.  Id.  The bankruptcy court struck the opposition as filed without authorization.  Id. at 138.  And the court rejected the law firm's argument that the court could infer authority from a "course of dealing."  Id.

B. <u>The Partnership Is Not A Party To The Partnership Agreement, And Is Not a Real Party In Interest To Take Sides</u>

A partnership in bankruptcy cannot alter its own governance documents.

The governance document describing the governance rights and obligations of the partners are stated in a written partnership agreement and amendments thereto. The NSA partnership entity is not a party to that contract among the owners establishing the owners' governance rights.

The pending contract dispute is a dispute among contracting parties who signed the partnership agreement. The NSA partnership did not sign, and is not a party to the partnership agreement.  NSA is not a real party in interest in the pending contract dispute.

It is not proper for the partnership (or counsel for the partnership) to take sides in a contract dispute among equity holders. The dispute here is between the contracting partners who signed the partnership agreement. Instead of taking sides the partnership belongs on the sidelines pending resolution of the contract dispute among owners.

The debtor (partnership) is not a party to the partnership agreement. The partners are. The governance rights under the contract belong to the partners. In fact when a partner files bankruptcy, his individual interest in the partnership is administered. See In re Duncan, No. AP 20-8056-JMM, 2023 WL 2229349, at *1 (Bankr. D. Idaho Feb. 24, 2023). The corollary of this is that if a *partnership* files bankruptcy, it does not administer interests in itself that belong to the *partners*.

Moreover, the governance documents are not property of the estate because the debtor (partnership) does not have a legal or equitable interest in the governing documents. The partners do. Under 11 U.S.C. § 541(a)(1) the bankruptcy estate is comprised of "all of the debtor's legal and equitable property interests that existed as of the time that the bankruptcy petition is filed." In re Mahendra, 131 F.3d 750, 755 (8th Cir.1997). The governance interests belong to the partners individually.

In summary, the Partnership and counsel who purports to speak for the Partnership are not real parties in interest and do not have standing to take sides. Ordinarily, counsel for the entity in a governance dispute steps aside pending a decision resolving the governance dispute. Here, we have very unusual circumstances where counsel for the entity is taking sides in a governance dispute over a contract to which the entity is not a party. Relevant is the views of other partners, none of whom have filed an opposition to the Motion to Dismiss.

WHEREFORE, Columbine Management Services, Inc. and Wapello Holdings II, LLC submits its Issue Brief Regarding: (1) Ultra Vires Filings; and (2) Is The Partnership A Real Party In Interest To Participate In A Contract Dispute Among Partners?

DATED May 30, 2023.

        Respectfully submitted,

        SPENCER FANE LLP

        */s/John O'Brien*
        John O'Brien  #15183
        Scott C. Sandberg #33566
        Zachary Fairlie #68057
        Spencer Fane LLP
        1700 Lincoln Street, Suite 2000
        Denver, Colorado 80203
        Phone: (303) 839-3800
        Fax: (303) 839-3838
        Email: jobrien@spencerfane.com;
        ssandberg@spencerfane.com;
        zfairlie@spencerfane.com

        Attorneys for J. Robert Wilson and Wapello Holdings LLC

## CERTIFICATE OF SERVICE

      The undersigned certifies that on May 30, 2023 I served via CM/ECF system an electronic copy of the Issue Brief Regarding: (1) Ultra Vires Filings; and (2) Is The Partnership A Real Party In Interest To Participate In A Contract Dispute Among Partners? on all parties against whom relief is sought and those otherwise entitled to service pursuant to the Fed. R. Bankr. P. and the L.B.R. at the following addresses:

      Keri L. Riley klr@kutnerlaw.com
      US Trustee USTPRegion19.DV.ECF@usdoj.gov
      Robert Samuel Boughner Samuel.boughner@usdoj.gov

      The undersigned further certifies that on May 30, 2023 a true and correct copy of the Issue Brief Regarding: (1) Ultra Vires Filings; and (2) Is The Partnership A Real Party In Interest To Participate In A Contract Dispute Among Partners? was served to the following by first class, postage prepaid U.S. Mail:

North Shore Associates, LLP
201 Columbine Street, Suite 15
PO Box 6346
Denver, CO 80206

Keri L. Riley
Kutner Brinen Dickey Riley, P.C.
1660 Lincoln Street
Suite 1720
Denver, CO 80264

Robert Samuel Boughner
Byron G. Rogers Federal Building
1961 Stout St., Ste. 12-200
Denver, CO 80294

U.S. Trustee
Byron G. Rogers Federal Building
1961 Stout St., Ste. 12-200
Denver, CO 80294

Kay Blackman
Licensing and Certification Specialist
Colorado Department of Public Health and Environment
4300 Cherry Creek Drive South
Denver, CO 80246

Jo Tansey
State of Colorado Department of Health
Branch Chief Acute and Nursing Facilities
4300 Cherry Creek Drive South
Denver, CO 80246

Shelley Sanderman, JD
Enforcement Services Program Manager
Health Facilities and Emergency Medical Services
4300 Cherry Creek Drive South
Denver, CO 80246-1530

                            */s/John O'Brien*
                            John O'Brien