UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | Case No. 23-10808-JGR |
| ) | |
| NORTH SHORE ASSOCIATES, LLP ) | |
| EIN:84-07066736 ) | |
| ) | Chapter 11 |
| Debtor. ) | |

**OBJECTION TO MOTION TO RECONSIDER ORDER GRANTING EX PARTE MOTION FOR ORDER AUTHORIZING BANKRUPTCY RULE 2004 EXAMINATION OF J. ROBERT WILSON, COLUMBINE HEALTH SYSTEMS, AND SPENCER FANE LLP**

The Debtor, North Shore Associates, LLP ("Debtor" or "NSA"), by and through its attorneys, Kutner Brinen Dickey Riley, P.C., states its Objection to the Motion to Reconsider Order Granting Ex Parte Motion for Order Authorizing J. Robert Wilson, Columbine Health Systems, and Spencer Fane, LLP ("Motion to Reconsider") as follows:

1. The Debtor filed its voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code on March 6, 2023.

2. Prior to the bankruptcy filing, from approximately 2006 until November 2022, J. Robert Wilson ("Wilson") was the manager of the Debtor and, in that capacity, was responsible for maintaining all records of the Debtor.

3. Since the bankruptcy filing, the Debtor has attempted, on multiple occasions, to obtain full and complete corporate records from Wilson.

4. Despite its attempts, it has been unable to obtain such documents. The only corporate records produced to the Debtor were copies of reports publicly filed with the Colorado Secretary of State and a copy of the 1974 Partnership Agreement. Notwithstanding the numerous requests for corporate records, Wilson has failed or refused to turn over corporate records while simultaneously use records that the Debtor does not have copies of in support of his various pleadings filed with this Court.

5. Wilson now seeks to again evade the requirement to produce copies of corporate records, asserting that a 2004 examination is not warranted on the basis of its Motion to Compel

Arbitration. This argument presupposes that the Motion to Compel will be granted and wholly ignores that no arbitration has been commenced.

6. "The scope of Rule 2004 examinations, like the examinations under the 1898 Bankruptcy Act predecessor Rule 205, includes inquiries into matters affecting estate administration, the scope and location of estate property, the extent of estate liabilities, and a debtor's right to discharge." *In re ST Drive, LLC f/k/a Suntech Drive, LLC*, Case No. 20-13934-JGR, Docket No. 148 at p. 7 (Bankr. D. Colo. Sept. 10, 2021). A 2004 examination is frequently referred to as a fishing expedition. *Id.* at 8.

7. One of the recognized limitations on the broad scope of an examination under Rule 2004 is the "pending proceeding rule" which provides that after an adversary proceeding or contested matter is commenced, discovery must generally proceed under the Federal Rules of Civil Procedure and not under Rule 2004. *In re Okla. Automatic Door, Co.*, 599 B.R. 167, 170-71 (Bankr. W.D. Okla. 2019).

8. In his Motion to Reconsider, Wilson asserts that the pending proceeding rule should apply in this case, asserting that "if the Court grants the Motion to Compel" discovery will proceed in an arbitration in accordance with the AAA rules.

9. In asserting this argument, Wilson is attempting to invoke a well-understood rule that, by its very name, does not apply. While Wilson has sought to compel arbitration, no arbitration has been ordered, and no arbitration has been commenced. Even the Motion to Dismiss that stemmed a discourse about arbitration is being held in abeyance pending the outcome of the Motino to Compel. Thus, there is no "pending proceeding" under which the Debtor could conduct discovery and the "pending proceeding" rule is therefore inapplicable.

10. Furthermore, even if Wilson pursues arbitration, there is no indication that the Debtor will be a party to that arbitration. As such, even if the arbitration had been commenced, there would be no pending proceeding as to the Debtor.

11. The Debtor continues to suffer from the benefit of access to its corporate records that should have been turned over at outset of the case. Wilson has asserted that the parole evidence rule applies to determine the rights of the partners and the Debtor, but then denies the Debtor access to the same documents that he asserts control. With each new witness and exhibit list filed by Wilson in connection with various prior contested matters, a new corporate document is

revealed, each contributing to but ultimately leaving a wildly incomplete picture of the Debtor's corporate records prior to Wilson's removal.

12. Given the continued failure or refusal to turnover corporate records and the lack of pending proceeding establish that the Debtor has cause to proceed with an examination under Rule 2004, and the Motion to Reconsider must therefore be denied.

WHEREFORE the Debtor prays the Court make and enter an Order denying the Motion to Reconsider and for such further and additional relief as to the Court may appear just and proper.

Dated: June 21, 2023          Respectfully submitted,

By:    */s/ Keri L. Riley*
Keri L. Riley #47605
**KUTNER BRINEN DICKEY RILEY, P.C.**
1660 Lincoln Street, Suite 1720
Denver, CO 80264
Telephone: (303) 832-2400
E-Mail: klr@kutnerlaw.com