UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| NORTH SHORE ASSOCIATES, LLP | ) | Case No. 23-10808-JGR |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

**OBJECTION TO APPLICATION TO EMPLOY FOSTER GRAHAM MILSTEIN & CALISHER, LLP AS SPECIAL COUNSEL PURSUANT TO 11 U.S.C. SECTION 327(A)**

Wapello Holdings LLC ("Wapello") and Bob Wilson ("Bob") by and through their attorneys, Spencer Fane LLP, hereby submit their Objection To Application To Employ Foster Graham Milstein & Calisher, LLP As Special Counsel Pursuant To 11 U.S.C. Section 327(A) and state as follows:

1. On July 21, 2023 the Court entered a Judgment at Doc# 196 which stated as follows:

> "The within chapter 11 case, including confirmation of the plan, is HELD IN ABEYANCE pending determination of the arbitration proceeding." The Judgment arose due to the conduct of several partners who inherited their partnership interests (the "Heirs").

2. As described in: (1) the Motion to Dismiss Case As An Ultra Virus Filing; (2) the Motion to Compel Arbitration; and (3) the Arbitration Complaint the Heirs ignored the governance requirements of the Partnership Agreement and in bad faith filed a fraudulent bankruptcy Resolution take over NSA to advance their personal objectives and not the objectives of the partnership.

3. Moreover, Bob remains the managing partner of NSA. He did not hire Ms. Riley. Ms. Riley should have stopped work long ago.

4. Under Rule of Professional Conduct 1.13, a "lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents."

1

5. Ms. Riley knows or should know that the Heirs are not NSA's "duly authorized constituents."

6. An attorney may represent an entity "only if the lawyer is convinced that differing interests are not present." Matter of King Resources, 20 B.R. 191, 204 (D. Colo 1982).

7. When an attorney purports to take action on a company's behalf, the attorney has a "duty to make independent inquiry into the [action] by the company prior to proceeding with the preparation of documents consummating that" action. Id.

8. In ordering arbitration, the Court noted:

> "Curiously, an objection to the motion to dismiss was filed by NSA, not the other partners.
>
> . . . .
>
> So seeking to hide behind NSA, the other partners did not file an objection to the motion to compel arbitration, but NSA did."

9. Equally curiously, NSA has filed an application to employ the Foster firm contrary to the fact that Bob remains the managing partner of NSA (or at the very least there is a dispute over whom should be giving Ms. Riley instructions).

10. The Application is also contrary this court's Judgment ordering that this case is in abeyance.

11. The Heirs control the landlord, NSM. Certain Heirs have acquired a secured position in NSM's assets.

12. Ms. Riley did not file a claim against NSM although NSM's Schedule A/B substantially understated the amount of NSA's claim. Ms. Riley did not file an administrative claim for unpaid rent and has failed to enforce the lease against the Debtor. It is easy to see that Ms. Riley perceives a duty to the Heirs, and not to NSA. For this reason, Bob, as managing partner of NSA, filed a proof of claim in the NSM case on behalf of NSA.

13. Ms. Riley should have never started work, and at the least should have stopped work while the case is in abeyance and pending determination of who is the Debtor's managing partner and whether the case was properly filed. At the meeting of creditors the U.S. Trustee warned Ms. Riley that if the case is an ultra virus filing she may not be compensated.

14. This bankruptcy case is unnecessary. Wapello is the single creditor which holds the deed of trust on NSA's real estate. Section 4.2 of NSA's partnership agreement requires mandatory capital calls to pay the promissory note when it matured on March 7, 2023. The partners who signed NSA's partnership agreement can afford to meet the mandatory capital contribution to pay Wapello in full.

15. The sole purpose behind the filing of this unnecessary case is to meet the Heirs' objective to unlawfully take control of NSA and to "hide behind" NSA to accomplish their personal objectives.

16. Granting the application to employ the Foster firm will only compound problems and increase the number of disputes that the Heirs and Ms. Riley have created in this case.

17. Wapello holds the Deed of Trust on NSA's property and the rents, issue and profits from the property. Wapello has filed its Notice Pursuant To 11 U.S.C. section 546(b) at Doc #88. The lease is Wapello's collateral, and the rents are Wapello's cash collateral.

18. Ms. Riley has not collaborated with Bob or Wapello about the lease or the engagement of the Foster firm even though Wapello is the single creditor in this case, Bob owns 15% of NSA, and Bob is the duly incumbered and currently serving managing partner of NSA.

19. Bob has not authorized the filing of the application to employ the Foster firm, and Bob has not engaged the Foster firm on behalf of NSA.

20. The Heirs giving Ms. Riley direction do not have governance authority to modify the lease.

21. Any modification to the lease would need to be approved after notice and opportunity to object in the NSA case. But the NSA case is in abeyance. Therefore the engagement of the Foster firm has no purpose, and would only serve to further confuse these proceedings and complicate the number of ultra virus acts that will need to be unwound.

22. NSA has not filed a motion to vacate the Abeyance Judgment.

23. The Foster firm should not expect compensation from anyone except for the Heirs.

24. The application to engage the Foster firm should be denied without prejudice or held in obeyance in accordance with this Court's July 21, 2023 Judgment.

WHEREFORE, Wapello respectfully submits its Objection To Application To Employ Foster Graham Milstein & Calisher, LLP As Special Counsel Pursuant To 11 U.S.C. Section 327(A).

DATED September 25, 2023.

Respectfully submitted,

SPENCER FANE LLP

*/s/John O'Brien*
John O'Brien #15183
Scott C. Sandberg #33566
Zachary Fairlie #68057
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203
Phone: (303) 839-3800
Fax: (303) 839-3838
Email: jobrien@spencerfane.com
ssandberg@spencerfane.com
zfairlie@spencerfane.com

Attorneys for Wapello Holdings LLC

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on September 25, 2023 I served via CM/ECF system an electronic copy of the Objection To Application To Employ Foster Graham Milstein & Calisher, LLP As Special Counsel Pursuant To 11 U.S.C. Section 327(A) on all parties against whom relief is sought and those otherwise entitled to service pursuant to the Fed. R. Bankr. P. and the L.B.R. at the following addresses:

    Keri L. Riley klr@kutnerlaw.com
    US Trustee USTPRegion19.DV.ECF@usdoj.gov
    Robert Samuel Boughner Samuel.boughner@usdoj.gov

        /s/*John O'Brien*
        John O'Brien

5

DE 8235827.1