UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: | ) |
| | ) |
| NORTH SHORE ASSOCIATES, LLP | ) Case No. 23-10808-JGR |
| | ) |
| Debtor. | ) Chapter 11 |
| | ) |

**WAPELLO HOLDINGS LLC AND J. ROBERT WILSON'S RESPONSE TO AND JOINDER IN UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT AND REQUEST FOR STRUCTURED DISMISSAL TO PROTECT WAPELLO'S CASH COLLATERAL**

Wapello Holdings LLC ("Wapello") and J. Robert Wilson ("Bob") by and through their attorneys, John O'Brien of Spencer Fane LLP for their Response To And Joinder In United States Trustee's Motion To Dismiss Or Convert And Request For Structured Dismissal To Protect Wapello's Cash Collateral state as follows:

1. Wapello is the Debtor's only creditor and was owed $1,834,568.64 on the March 6, 2023 Petition Date. Wapello has not received any payments after the Petition Date.

2. Bob owns 15% of the equity in the Debtor, owns 27% of the voting rights in the Debtor, and is the Debtor's managing partner.

3. Wapello and Bob join in the US Trustee's motion to dismiss this case and plan to file their own motion to dismiss for the following reasons.

4. First, this case is a two-party dispute in a single asset real estate case as defined in 11 U.S.C. 101(51B). This dispute does not belong in bankruptcy court.

5. Second, this case was not filed in good faith for the reasons this Court stated on the record in a July 21, 2023 hearing in this case and on the record in an October 3, 2023 hearing in the companion North Shore Manor ("NSM") case which the court dismissed.

1

6. Third, this case is an ultra virus filing made under a Resolution (Doc. 27) stating that the Debtor "duly held according to law" a partnership meeting. Bob did not have notice of any partnership meeting and was excluded from a secret meeting of some partners after Bob stated that it was in the best interest of the partnership and residents to complete a $1,000,000 recapitalization instead of filing bankruptcy.

7. Fourth, this case is unnecessary because section 4.2 of the Debtor's partnership agreement provides for a capital call to pay the sole creditor in this case. The "other partners" are sophisticated and wealthy heirs who inherited a real fortune and who chose a bankruptcy path instead of simply repaying Covid Relief funds funneled to them through NSM.

8. Fifth, the "other partners", hiding behind the Debtor, misused Bankruptcy as a litigation tactic to avoid repaying CoVid Relief funds needed for the welfare of the residents.

9. Sixth, the Debtor, operating under the direction of the "other partners", proposed an unconfirmable plan seeking "exculpation" of themselves and their professionals.

10. Seventh, during the course of the above, the "other partners" controlling the Debtor dodged service of subpoenas in this case in a manner which this Court described "I, frankly, really have not seen that level of evasion of service before in my nearly eight years on the Bench, and nearly 41 years of practice." Those "other partners" still have not been deposed.

11. Eighth, the case should be dismissed for failure to timely file operating reports and to pay U.S. Trustee fees as described in the UST's motion.

12. This case was not a good faith filing and the U.S. Trustee's motion should be granted. In re Gunnison Center Apartments, LP, 320 B.R. 391 (Bankr. D. Colo. 2005).

A. <u>Structured Dismissal</u>.

13. The dismissal order should be structured to protect Wapello's cash collateral in the Debtor's possession reported to be $547,363.65 in the untimely filed March 2024 operating report.

14. The "other partners" controlling this ultra virus filing also controlled the NSM case. NSM's attorneys who performed work which the court questioned was compensable negotiated for Bob to buy out the "other partners". NSM's accountants also had a $110,000 fee application held in abeyance because they missed a filing deadline with the Department of Health and Human Services resulting in a $334,000 claim against the estate.

15. In lieu of fee application scrutiny, the "other partners" dismissed the NSM case, paid their professionals, and never paid a penny towards the $3,000,000 that NSM owes to Bob and Columbine.

16. No doubt, this Debtor will do the same. Any dismissal order should require the Debtor to turn over to Wapello all of Wapello's cash collateral upon dismissal. 11 U.S.C. 349; Czyzewski v Jevic Holding Corp., 137 S. Ct. 973 (2017).

B. <u>Dismissal Is In The Best Interest Of Creditors</u>.

17. Dismissal and not conversion is in the best interest of the residents and the creditors for the reasons the Court outlined in the October 3, 2023 hearing which led to the dismissal of the NSM case. This case should be dismissed and not converted. Wapello is the only creditor and is entitled to deference. <u>In re Sullivan</u>, 626 B.R. 326 (Bankr. D. Colo. 2021).

18. Wapello and Bob will file their own motion to dismiss this case.

WHEREFORE, Wapello and Bob join in the US Trustee's motion to dismiss and request that the dismissal be structured to protect and require turnover of Wapello's cash collateral.

DATED May 20, 2024.

                                                    Respectfully submitted,

                                                    SPENCER FANE LLP

*/s/John O'Brien*
John O'Brien #15183
Scott C. Sandberg #33566
Zachary Fairlie #68057
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203
Phone: (303) 839-3800
Fax: (303) 839-3838
Email: jobrien@spencerfane.com
ssandberg@spencerfane.com
zfairlie@spencerfane.com

Attorneys for J. Robert Wilson and Wapello Holdings LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 20, 2024 I served via CM/ECF system an electronic copy of the Response To And Joinder In United States Trustee's Motion To Dismiss Or Convert And Request For Structured Dismissal To Protect Wapello's Cash Collateral on all parties against whom relief is sought and those otherwise entitled to service pursuant to the Fed. R. Bankr. P. and the L.B.R. at the following addresses:

        Keri L. Riley klr@kutnerlaw.com
        US Trustee USTPRegion19.DV.ECF@usdoj.gov
        Robert Samuel Boughner Samuel.boughner@usdoj.gov

                                          /s/*John O'Brien*
                                          John O'Brien