UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | Case No. 23-10808-JGR |
| ) | |
| NORTH SHORE ASSOCIATES, LLP ) | |
| EIN:84-07066736 ) | |
| ) | Chapter 11 |
| Debtor. ) | |

## OBJECTION TO UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT

The Debtor, North Shore Associates, LLP ("Debtor" or "NSA"), by and through its attorneys, Kutner Brinen Dickey Riley, P.C., states its Objection to the United States Trustee's Motion to Dismiss or Convert ("Motion to Dismiss") as follows:

### Background

1. The Debtor filed its Voluntary Petition for relief pursuant to Chapter 11 of the Bankruptcy Code on March 6, 2023 ("Petition Date").

2. The Debtor owns certain real property located in Loveland, Colorado that is operated as a nursing home facility by a related entity, North Shore Manor, Inc. ("NSM").

3. The Debtor's case filing was prompted by the maturity of the loan secured by a Deed of Trust on the Debtor's real property as well as the maturity of debt it had guaranteed for NSM. Because the property is an operating nursing home facility, the Debtor was concerned that the maturation of the lien would result in a default without sufficient funds to pay the loan in full, and could result in the appointment of a receiver or a foreclosure that would put the nursing home facility in jeopardy.

4. After the Debtor's filing, the Debtor learned that J. Robert Wilson, a partner in the Debtor and the former manager of the Debtor, acquired the note and Deed of Trust on the Debtor's real property from the prior lender through his company, Wapello Holdings, LLC ("Wapello"). Mr. Wilson did not provide an opportunity to any other members of the partnership to participate, nor tell the partners that he was acquiring the Note.

5. Post-petition, Wapello filed a *Motion to Dismiss Bankruptcy Case as Ultra Vires Filing* (Docket No. 99), to which the Debtor timely filed its Response. Following a preliminary

hearing on the Motion to Dismiss, the Court raised the issue of whether the parties were required to arbitrate the issue of corporate authority given the arbitration provisions in the original partnership agreement for the Debtor.

6. Wapello and Mr. Wilson subsequently filed a *Motion to Compel Arbitration* (Docket No. 160) to which the Debtor responded. Following a hearing on July 21, 2023, the Court entered a Minute Order (Docket No. 195) granting Wapello and Mr. Wilson relief from stay to file an arbitration demand, and all parties were granted relief from stay to the extent necessary to fully participate in the arbitration. The Court further held, "The within chapter 11 case, including confirmation of the plan, is HELD IN ABEYANCE pending determination of the arbitration proceeding."

7. As set forth in the Debtor's *Status Report Regarding Arbitration as of March 8, 2024*, Mr. Wilson commenced an arbitration on September 19, 2023. The arbitration remains pending, and no order or judgment has entered in the arbitration. To the best of the Debtor's knowledge, a trial in the arbitration is set for January 2025.

8. The Office of the United States Trustee ("UST") now seeks dismissal of the Debtor's case on the basis that it had not filed all monthly operating reports, and was delinquent on quarterly fees. As set forth more fully herein, the Debtor has cured all outstanding issues and cause does not exist for dismissal of the Debtor's case.

## LEGAL ARGUMENT

9. Pursuant to 11 U.S.C. § 1112(b), the court may dismiss a case for cause. The enumerated list of possible cause includes failing to timely file reports required under the Bankruptcy Code, and failure to pay fees or charges required under 28 U.S.C. § 123.

10. The Debtor acknowledges that there was a delay in the filing of some of the monthly operating reports, caused in part due to the confusion following the dismissal of the NSM case, as well as uncertainty regarding ongoing reporting requirements once the Debtor's case was held in abeyance.

11. The Debtor has since resolved all outstanding issues, and is current on the filing of all monthly operating reports and all quarterly fees.

12. Accordingly, because the issues raised by the UST have been resolved, dismissal is not warranted in this case.

13. Nor should weight be given to the Response filed by Wapello and Mr. Wilson.

14. Wapello and Mr. Wilson have a vested interest in the dismissal of the Debtor's case, as it negates the purpose of the arbitration. This Court determined that arbitration was necessary to adjudicate issues related to the partnership dispute and determine whether the Debtor had the authority to file the case, and held this case in abeyance to allow for the arbitration to proceed to a full and final adjudication. Dismissal of the Debtor's case will undoubtedly be followed in short order by a foreclosure action from Wapello, with no ability for the Debtor to effectively defend itself or resolve the debt given the partnership dispute that Mr. Wilson has chosen to arbitrate.

15. Moreover, if Wapello proceeds with a foreclosure, it will effectively moot the purpose of the arbitration, as the company will not have any assets and no further need for the partnership.

16. Keeping the Debtor's case in abeyance, denying the Motion to Dismiss, and allowing the arbitration to be fully and finally adjudicated is the only way to ensure that this Court's prior orders are fully effectuated.

17. Accordingly, the Motion to Dismiss should be denied.

WHEREFORE, the Debtor prays the Court make and enter an Order denying the Motion to Dismiss and for such further and additional relief as to the Court may appear just and proper.

Dated: May 22, 2024

Respectfully submitted,

By: */s/ Keri L. Riley*
Keri L. Riley #47605
**KUTNER BRINEN DICKEY RILEY, P.C.**
1660 Lincoln Street, Suite 1720
Denver, CO 80264
Telephone: (303) 832-2400
E-Mail: klr@kutnerlaw.com